# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **William M. Williams,** | ) | **CASE NO. 1:25 CV 1832** |
| | ) | |
| Plaintiff, | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Edward T. Cunneen, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

*Pro se* Plaintiff filed this action to challenge his 2004 conviction in the Cuyahoga County Common Pleas Court on charges of murder, felonious assault and kidnaping. He names the Grand Jury foreperson, two former Cuyahoga County Prosecutors, and the Judge who presided over his case. He is serving a sentence imposed in 2004 of eight years plus fifteen years to life in prison. He claims that he was denied a preliminary hearing and instead was served with an indictment. He contends the prosecutor permitted a witness to provide inconsistent testimony and the Judge did not declare a mistrial. His third claim is indecipherable, consisting of claims of commercial contracts and fraud, and "oaths of office falsely sworn to and fraudulently securitized, monetized and commercialized [making them] null and void ab initio." (Doc. No. 1 at PageID #: 5). He lists causes of action under 42

1

U.S.C. §§ 1983 and 1985, and 18 U.S.C. §§ 1028 and 1030. He also lists tort claims arising under state law and violations of the Ohio Revised Code. He seeks monetary damages.

**STANDARD OF REVIEW**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

There are multiple reasons why this Complaint must be dismissed. First, the issue of statute of limitations must be addressed. Since no statute of limitations is contained in 42 U.S.C. §§ 1983 and 1985, state law provides the relevant time limitation. In Ohio, a two-year statute of limitations applies to § 1983 claims. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)(citing *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989) (en banc)); *Savage v. Unknown FBI Agents*, 142 F.3d 436, 1998 WL 39318 *1 (6th Cir. Feb. 10, 1998)(unpublished) (citing *Harris v. Board of Educ.*, 798 F.Supp. 1331, 1345 (S.D. Ohio 1992)). Plaintiff was convicted on October 2, 2004. He filed this action nearly twenty-one years later on September 3, 2025. The two-year statute of limitations for filing any claims under §§ 1983 and 1985 has long expired. These claims are time-barred.

In addition, Plaintiff cannot attack his conviction in a civil rights action for damages. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, Plaintiff must prove that the conviction or sentence has been reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. Here, the Plaintiff claims his conviction is invalid because he did not receive a preliminary

3

hearing, and because a witness's contradictory testimony was not excluded. His third claims based on oaths of office and commercial law are nonsensical; however, it too is aimed at attacking his conviction. He is still in prison, serving his sentence. His conviction has not been overturned. His claims are not cognizable under 42 U.S.C. §§ 1983 and 1985.

Furthermore, all of the Defendants are immune from suit. Judges are absolutely immune from suits for damages stemming from decisions they made while presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Prosecutors are also absolutely immune from damages for actions and decision made in the course of acting as the advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Grand jurors have absolute quasi-judicial immunity for their participation in the indictment process. *Imbler*, 424 U.S. at 438.

In addition, 18 U.S.C. §§ 1028 and 1030 are criminal statutes. They do not provide a private right of action. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

Plaintiff's remaining claims arise, if at all, under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear his state law claims.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: December 4, 2025

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE